IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHELDON NATHAN**                                                                                              **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 5:13cv96-HSO-RHW**

**TIMOTHY MORRIS,** *et al.*                                                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [28] the second motion for preliminary injunction filed by the *pro se* Plaintiff in this prisoner civil rights lawsuit.  Plaintiff's complaint, filed July 10, 2013, alleges officials at Wilkinson County Correctional Facility violated his rights by failing to protect him from assault by other inmates, specifically a June 12, 2012 rape by a fellow inmate which occurred while Plaintiff was housed in protective custody.  [2]  Plaintiff first sought a preliminary injunction for "adequate protection and safe housing" by motion [12] filed on August 20, 2013, requesting that the Court order that Plaintiff be housed at Central Mississippi Correctional Facility (CMCF) "in a single man cell on a protective custody unit." According to both his first motion and the memorandum offered in support of the present motion, following the Wilkinson County incident, Plaintiff was transferred to South Mississippi Correctional Institution (SMCI) where he claims he was again sexually assaulted by fellow inmates.  [12, p. 2], [29, p. 2]

Before a party will be entitled to preliminary injunctive relief, he must establish these requirements: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary

injunction will not disserve the public interest.  *Mississippi Power & Light Co. v. United Gas Pipe Line Co.* 760 F.2d 618, 621(5th Cir. 1985).  A preliminary injunction is an extraordinary remedy, and should be granted only if the movant has clearly carried the burden of persuasion on all four prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.  *Id.* at 622.

The Court denied Plaintiff's first motion for preliminary injunction by order [20] entered October 1, 2013, finding Plaintiff failed to demonstrate he was entitled to relief under FED.R.CIV.P. 65.  The undersigned is of the opinion that the present motion should be denied for the same reason, since there is no factual difference between the two motions, and the relief requested in both is identical, *i.e.*, transfer to CMCF and placement in a single man cell in protective custody.  The daily operations and management of jails are generally for duly elected and appointed officials who are answerable to the law if they deliberately or recklessly impinge on the constitutional rights of prisoners." *Jones v. Diamond*, 594 F. 2d 997, 1030 (5th Cir. 1979).

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's second motion for preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed  with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District

Judge that they do not intent to respond to the objection.  An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 14th day of November, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE